Filed 12/15/20  P. v. Jones CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C090630 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F07610) |
| v. |  |
| GERALD EDWARD JONES, |  |
| Defendant and Appellant. |  |

A jury found defendant Gerald Edward Jones guilty of the first degree murder of Justin Roberts during the course of a burglary; the trial court sentenced him to life without the possibility of parole, and his conviction was affirmed on appeal.  Defendant petitioned the trial court under Penal Code[1] section 1170.95 for resentencing based on changes to the felony-murder rule under recently enacted Senate Bill No. 1437.  (Stats.

---

[1]     Further undesignated statutory references are to the Penal Code.

1

2018, ch. 1015, § 4, eff. Jan. 1, 2019.)  The trial court summarily denied his petition finding the record established defendant was ineligible for resentencing given the jury's true finding on an alleged burglary-murder special circumstance under section 190.2. The court reasoned that in finding the special circumstance true, the jury necessarily found defendant was either the actual killer, aided and abetted the actual killer with the intent to kill, or was a major participant who acted with reckless indifference to human life during the crimes.  On appeal, defendant argues he was entitled to a hearing on the merits of his petition before the trial court's denial.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

We take the facts from the unpublished opinion we issued in 2004 affirming defendant's convictions in case No. C045098.  (*People v. Jones* (Nov. 24, 2004, C045098) [nonpub. opn.] (*Jones*).)[2]  In September 2001, defendant and two cohorts, Andre Craver and Eric Shelmire, planned to steal marijuana from Roberts's apartment. They arrived in two cars at the apartment complex; defendant drove his own vehicle and the codefendants drove in another vehicle.  All three were dressed in black so as not to be seen.  Defendant saw Craver pull out a gun before entering Roberts's darkened apartment.  Craver entered the apartment first through an open window, and defendant followed; Shelmire remained outside.  Immediately upon entering, Craver landed on a person who was sleeping beneath the open window.  They struggled, and upon hearing the commotion, Roberts came running out and turned on a light.  Three gunshots were fired, and defendant and Craver then left the apartment through the window.  Roberts died of a gunshot wound to the chest.

A jury found defendant guilty of the first degree murder of Roberts (§ 187), and found true the special circumstance that the murder was committed during a robbery

_____

**2**      A copy of our unpublished opinion in *Jones* is included in the record on appeal.

(§ 190.2, subds. (a), (d)). The jury also found true that a principal was armed with a firearm during the offense. Defendant was sentenced to state prison for one year plus a consecutive indeterminate term of life without possibility of parole.

Defendant appealed his conviction, arguing: (1) insufficient evidence supported the true finding on the burglary-murder special circumstance; (2) instructional error; and (3) prosecutorial misconduct. We found sufficient evidence supported the finding that defendant was a major participant who acted with reckless indifference to human life, that the court properly rejected requests to modify certain jury instructions, and that the prosecutor did not engage in misconduct during closing argument. We therefore affirmed the judgment in full.

In January 2019, defendant filed a petition for resentencing under section 1170.95. Defendant declared in his petition the prosecution proceeded "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of first degree or second degree murder" and he "could not now be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." He also requested appointment of counsel during the resentencing process.

The court issued an order appointing defendant counsel. The People filed a response to the petition, arguing the court should dismiss it because Senate Bill No. 1437 was unconstitutional and because defendant had failed to establish a prima facie showing of eligibility for relief under section 1170.95. The People argued, among other things, that defendant was ineligible for relief as a matter of law because he was convicted of burglary-murder special circumstance. (§§ 187, 190.2, subd. (a)(17).)

The trial court denied defendant's petition, finding that he failed to show he fell within the provisions of section 1170.95. While defendant had been convicted of first degree murder, the court reasoned that defendant was ineligible for relief because in finding true the burglary-murder special circumstance, "the jury necessarily found that

defendant . . . was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life." Given the special-circumstance true finding, defendant could still be convicted of first degree murder even after Senate Bill No. 1437's changes to sections 188 and 189. Defendant timely appealed the trial court's denial of his petition.

## DISCUSSION

Defendant contends the trial court prejudicially erred by denying his petition without first obtaining his counsel's reply to the People's response and by making factual findings at the pleading stage. He further contends he made a prima facie showing he was eligible for relief, and that the trial court should have issued an order to show cause and held an evidentiary hearing. We disagree and find that any alleged error is harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c)

4

of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served."

Appellate courts are divided on if trial courts may review the record of conviction and deny a section 1170.95 petition before appointing counsel. (Compare *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138-1140 [trial courts may review record of conviction and need not first appoint counsel], review granted Mar. 18, 2020, S260598, with *People v. Cooper* (2020) 54 Cal.App.5th 106, 123 [disagreeing with *Lewis*].) The Supreme Court has granted review on these issues. (*Lewis*, *supra*, S260598.) Here, the trial court appointed defendant counsel, but denied the petition before defense counsel filed any brief replying to the People's motion to dismiss.

We need not conclusively determine the requirements of subdivision (c) because any error in the trial court's procedures would be harmless even under the more stringent beyond-a-reasonable-doubt standard. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].) As we noted in *Jones*, the jury found the special circumstance true for the murder count. For the special circumstances under section 190.2, subdivision (17)(A), the jury was given former CALJIC Nos. 8.80.1, requiring for the murder count: "If you find that the defendant . . . was not the actual killer of a human being or if you are unable to decide whether he was the actual killer and an aider and abettor, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that [defendant], with the intent to kill, aided and abetted, counseled, commanded, induced, solicited or requested or assisted any act in the commission of the murder in the first degree or with reckless indifference to human life and as a major participant, aided, abetted, counseled, commanded, induced, solicited,

5

requested, or assisted in the commission or attempted commission" of the underlying burglary.

The jury's true finding for the special circumstance tracks the requirements of first degree murder liability for a participant even after Senate Bill No. 1437's modifications because it found that, at a minimum, defendant was a major participant who acted with reckless indifference to human life. (§ 189, subd. (e)(3).)

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstances findings reversed for insufficient evidence under the modified analysis. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)

There is also a split of authority on whether a defendant must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284; *People v. Allison* (2020) 55 Cal.App.5th 449, 457-459 [same]; *People v. York* (2020) 54 Cal.App.5th 250, 258, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"].)

Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, defendant asserts the narrower definitions of "major participant" and "reckless indifference to human life" ushered in by *Banks* and *Clark* require further litigation to determine whether his special circumstances make him ineligible for relief

and that the trial court was precluded from engaging in such fact-finding at the prima facie stage under section 1170.95. In essence, he contends that his burglary-murder special circumstance finding can and should be reversed through his section 1170.95 petition, arguing *Gomez* was wrongly decided. We disagree.

Like in *Gomez*, *Galvan*, and *Allison*, we conclude defendant must first set aside his burglary-murder special circumstance in a habeas proceeding. (*People v. Gomez*, *supra*, 52 Cal.App.5th at p. 17, review granted; see *People v. Galvan*, *supra*, 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison*, *supra*, 55 Cal.App.5th at pp. 457-459.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill No. 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3) (italics added).) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill No. 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Senate Bill No. 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review through a section 1170.95 review would also unjustifiably shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a § 1170.95 hearing). (See *People v. Gomez*, *supra*, 52 Cal.App.5th at p. 17, review granted).

7

In summary, the jury's burglary-murder special circumstance remains valid even after *Banks* and *Clark* because defendant has not first sought relief through a habeas corpus proceeding. This renders any alleged error by the trial court harmless because it is beyond a reasonable doubt that obtaining a reply brief from appointed counsel or holding a hearing to review the record of conviction would not have changed the jury's finding and defendant's ineligibility.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Murray, J.

/s/
Hoch, J.